UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DEVIN DOWLIN | ) | |
| | ) | |
| v. | ) | No. 3:16-00676 |
| | ) | JUDGE CAMPBELL |
| UNITED STATES OF AMERICA | ) | |

MEMORANDUM

I. Introduction

Pending before the Court are the Petitioner's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct A Sentence (Docket No. 1), filed by the Movant/Petitioner, *pro se,* and the Government's Response (Docket No. 16).

For the reasons set forth herein, the Petitioner's Motion To Vacate (Docket No. 1) is DENIED, and this action is DISMISSED.

II. Procedural and Factual Background

On September 3, 2015, the Petitioner pled guilty, pursuant to a Plea Agreement, to drug trafficking and unlawful possession of a firearm. (Docket No. 24 in Case No. 3:15-00095). Through the Plea Agreement, made pursuant to Fed.R.Crim.P. 11(c)(1)(C), the parties agreed that the Defendant is a Career Offender under the sentencing guidelines[1]; that the applicable

---

[1] Sentencing Guideline Section 4B1.1(a) provides that a defendant is a "Career Offender" if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense

advisory guideline sentencing range is 151-188 months of imprisonment; and that the appropriate sentence would be 120 months of imprisonment. (Id., at ¶¶ 12-14). The Presentence Investigation Report also determined that the Defendant is a Career Offender, based on two prior felony convictions in Tennessee for controlled substance offenses: (1) an August 10, 2007 conviction in Robertson County for Possession of a Schedule II Controlled Substance - Under .5 Grams With Intent To Sell; and (2) a November 16, 2007 conviction in Robertson County for Possession of a Schedule II Controlled Substance - Under .5 Grams For Resale. (¶ 34). On November 4, 2015, the Court adopted those determinations, and sentenced the Defendant to the agreed 120-month sentence. (Docket Nos. 30, 31; Docket No. 37, at 8 in Case No. 3:15-00095).

III. Analysis

A. The Petitioner's Claims

The Petitioner claims that his conviction and sentence should be vacated because he no longer qualifies as a Career Offender, based on Johnson v. United States, 135 S.Ct. 2551 (2015), and that trial counsel was ineffective for failing to make that argument.

B. The Section 2255 Remedy

Section 2255 provides federal prisoners with a statutory mechanism by which to seek to have their sentence vacated, set aside or corrected.[2] The statute does not provide a remedy,

---

[2] 28 U.S.C. § 2255 states, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral

2

however, for every error that may have been made in the proceedings leading to conviction. "'To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005)(quoting Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003)).

An evidentiary hearing is not required if the record conclusively shows that the Petitioner is not entitled to relief. 28 U.S.C. § 2255(b); Ray v. United States, 721 F.3d 758, 761 (6th Cir. 2013); Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999). No hearing is required "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Id. Where the same judge considering the Section 2255 motion also presided over the underlying criminal proceedings, the judge may rely on his own recollection of those proceedings. Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 1629 n.4, 52 L.Ed.2d 136 (1977); Ray, 721 F.3d at 761.

The Court has reviewed the pleadings, briefs, and records filed in Petitioner's underlying criminal case, as well as the pleadings, briefs, and records filed by the parties in this case. The Court finds it unnecessary to hold an evidentiary hearing because these records conclusively establish that Petitioner is not entitled to relief on the issues raised.

C. Ineffective Assistance of Counsel

In order to prevail on an ineffective assistance of counsel claim, the burden is on the

---

attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Petitioner to show: (1) counsel's performance fell below an objective standard of reasonableness; and (2) actual prejudice resulted from the deficient performance. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); Cullen v. Pinholster, 131 S.Ct. 1388, 1403 (2011); Campbell v. United States, 364 F.3d 727, 730 (6th Cir. 2004).

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland, 104 S.Ct. at 2052; Ludwig v. United States, 162 F.3d 456, 458 (6th Cir. 1998). In analyzing trial counsel's performance, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 104 S.Ct. at 2065.

In order to establish prejudice, the petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 2068. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id., at 2052. The likelihood of a different result "must be substantial, not just conceivable." Harrington v. Richter, 562 U.S. 86, 112, 131 S. Ct. 770, 792, 178 L. Ed. 2d 624 (2011).

Petitioner argues that he received ineffective assistance based on counsel's failure to object to his designation as a Career Offender based on Johnson v. United States, supra. In Johnson, the Supreme Court held that the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. The ACCA provides for a 15-year mandatory minimum sentence for defendants convicted of certain firearms offenses

4

who have three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). The statute goes on to define "violent felony" as follows, with the residual clause set forth in italics:

> (2) As used in this subsection–
>
> * * *
>
> > (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that –
> >
> > > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> > >
> > > (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*. . .

(Emphasis added). The Court's decision did not call into question the remainder of the Act's definition of "violent felony," nor did the Court address the Act's definition of "serious drug offense." 135 S. Ct. at 2563.

In United States v. Pawlak, 822 F.3d 902 (6th Cir. 2016), the Sixth Circuit held that the Johnson decision applies to the United States Sentencing Guidelines, and renders unconstitutional the identically-worded portion of the definition of "crime of violence" set forth in the Career Offender Sentencing Guideline, Section 4B1.2(a)(2).[3] The Supreme Court has also

---

[3] Section 4B1.2(a)(2) provides, in pertinent part, as follows, with the residual clause set forth in italics:

held that the Johnson decision should apply retroactively to cases on collateral review. Welch v. United States, 136 S.Ct. 1257 (2016).

None of this authority applies to the Petitioner's sentence, however, because his designation as a Career Offender is supported by two prior convictions for "controlled substance offenses," rather than "crimes of violence." The Johnson decision does not call into question the definition of "controlled substance offense" under the Career Offender guideline.[4] Therefore, the Petitioner cannot establish prejudice from any failure of trial counsel to challenge his Career

---

> (a) The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*
>
> (b) The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

(Emphasis added).

[4] To the extent Petitioner contends trial counsel should have challenged his prior convictions for reckless endangerment and domestic assault based on Johnson, such a challenge would have been futile because the Court did not rely on those convictions as a basis for the Petitioner's Career Offender designation. (Docket No. 37, at 8, in Case No. 3:15-00095).

6

Offender designation based on Johnson. Accordingly, Petitioner's ineffective assistance of counsel claim is without merit.

IV.  Conclusion

For the reasons set forth herein, the Court concludes that the Petitioner's request for Section 2255 relief should be denied. Accordingly, this action is dismissed.

Should the Petitioner give timely notice of an appeal from this Memorandum and Order, such notice shall be treated as a application for a certificate of appealability, 28 U.S.C. 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. Castro v. United States, 310 F.3d 900 (6th Cir. 2002).

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE