# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DEVIN DOWLEN, | ) |
| Movant, | ) |
| | ) No. 3:16-cv-00676 |
| v. | ) Judge Trauger |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the court is pro se movant Devin Dowlen's motion to file a second or successive motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence previously imposed by this court. (Doc. No. 22). Dowlen is a federal prisoner housed at the United States Penitentiary Big Sandy in Inez, Kentucky.

**I.     Background**

On September 3, 2015, pursuant to a plea agreement, Dowlen entered a plea of guilty to drug trafficking and unlawful possession of a firearm. (Case No. 3:15-00095, Doc. No. 24). Through the plea agreement, made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agreed that the Dowlen was a Career Offender under the sentencing guidelines, the applicable advisory guideline sentencing range was 151-188 months of imprisonment, and the appropriate sentence would be 120 months of imprisonment. (*Id*. ¶¶ 12-14). The Presentence Investigation Report also determined that Dowlen was a Career Offender based on two prior felony convictions in Tennessee for controlled substance offenses: (1) an August 10, 2007 conviction in Robertson County for Possession of a Schedule II Controlled Substance - Under .5 Grams With Intent To Sell; and (2) a November 16, 2007 conviction in Robertson County for Possession of a

1

Schedule II Controlled Substance - Under .5 Grams For Resale. (*Id.* ¶ 34). On November 4, 2015, the court adopted those determinations and sentenced Dowlen to the agreed 120-month sentence. (*Id.*, Doc. Nos. 30, 31; Doc. No. 37 at 8).

Dowlen subsequently filed a motion to file a second or successive motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction and sentence, alleging that he no longer qualifies as a Career Offender based on *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), and that trial counsel was ineffective for failing to make that argument. (Doc. No. 1). By order and memorandum opinion entered on July 17, 2016, the court denied the motion and dismissed this action. (Doc. Nos. 18 and 19). The court also denied a certificate of appealability to Dowlen. (Doc. No. 18 at 1).

Dowlen filed the instant motion approximately three and a half years later, on November 8, 2019. (Doc. No. 22). Dowlen acknowledges his prior Section 2255 motion and asks the court for permission to file a second or successive petition based on the Supreme Court's decision in *Rehaif v. United States*, __ U.S. __, 139 S. Ct. 2191 (2019).

**II.    Analysis**

Before a second or successive petition for a writ of habeas corpus may be adjudicated in the district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). To secure authorization, a petitioner must make a prima facie showing that (1) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," and (2) "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C.

§ 2244(b)(2)(B). In this context, "prima facie" means "sufficient allegations of fact together with some documentation that would 'warrant a fuller exploration in the district court.'" *In re Lott*, 355 F.3d 431, 433 (6th Cir. 2004) (quoting *Bennett v. United States*, 199 F.3d 468, 469 (7th Cir. 1997)).

To this court's knowledge, Dowlen has not sought or obtained authorization from the Sixth Circuit Court of Appeals for this court to consider the instant petition. Because Dowlen has filed a previous motion to vacate, the motion to vacate under 28 U.S.C. § 2255 presently before the court constitutes a successive motion to vacate within the meaning of 28 U.S.C. §§ 2244(b)(3)(A), 2255(h).

"[W]hen a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). "*Sims* instructs district courts to transfer only 'successive' petitions to our court for want of jurisdiction under 28 U.S.C. § 1631 rather than dismiss them outright." *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012).

The Court of Appeals will grant leave to file a successive motion to vacate only if the motion presents

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Dowlen asserts that he is actually innocent of his conviction under 18 U.S.C. § 922(g) and 924 (a)(2) in view of the Supreme Court's decision in *Rehaif* which held that, "in a prosecution

3

under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Dowlen contends that, because he was not found to have "knowingly" violated the "status" element of being a felon in possession of a firearm, he is "actually innocent" of his crime of conviction.

While the Sixth Circuit has not yet addressed this issue, the Eleventh Circuit specifically has held that the Supreme Court has not made the *Rehaif* decision retroactively applicable to cases on collateral review. *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019). At least four district courts within the Sixth Circuit have applied *Palacios* and determined that *Rehaif* is not retroactively applicable to cases on collateral review. *See Maxie v. Warden*, No. 6:19-cv-300-JMH, 2020 WL 86207 (E.D. Ky. Jan. 7, 2020); *Doyle v. United States*, No. 2:19-CV-1345, 2019 WL 6351255 (S.D. Ohio Nov. 27, 2019); *Abernathy v. United States*, No. 1:19-cv-2, 2019 5268546, at *5 n.3 (E.D. Tenn. Oct. 17, 2019); *Moore v. United States*, No. 2:19-cv-02572-TLP-tmp, 2019 WL 4394755, at *2 (W.D. Tenn. Sept. 12, 2019).

### III. Conclusion

Accordingly, because Dowlen has not received prior authorization from the Sixth Circuit Court of Appeals, the Clerk shall **TRANSFER** his motion (Doc. No. 22) to the Sixth Circuit Court of Appeals for further consideration. 28 U.S.C. § 1631; *In re Sims*, 111 F.3d 45, 47.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge

4